IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

  Vs.                             No.  06-40079-03-SAC

ROBERT GUZMAN a/k/a Vincent
Paul Martinez, et al.,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion for an order clarifying the status and disposition of funds paid to defense counsel.  (Dk. 140).  The defendant seeks a court order declaring that defense counsel may retain a fee deposit either because counsel is a bona fide purchaser or because the government lacks probable cause to justify the initial seizure of funds.  The government opposes the motion asking the court to disallow counsel from retaining the fee deposit and to appoint current counsel in order to assure that counsel may continue to fulfill his legal obligations with reasonable compensation.  (Dk. 148).  Neither side requests a hearing on the motion, and the court believes one is unnecessary at this point.

According to the defendant's motion, in the first or second week of May of 2007, counsel received from Tony Tran Nguyen ("Nguyen") a third-party payment of $10,000.00 for legal fees to represent the defendant. Counsel, however, did not learn until after the defendant's arraignment on May 22, 2007, that Nguyen had been added as a defendant by a sealed indictment. On that same day, the prosecutor expressed concerns to defense counsel about the lawfulness of the source of funds paid to defense counsel. Following the advice of the Missouri Bar, defense counsel then put the questioned fees into a trust account and continued to represent the defendant. In the government's initial discovery disclosures, the defense counsel received a report of an interview of James Aaron who told officers that the defendant had asked him to hold some currency, which he suspected were proceeds from illegal activity, and that approximately two weeks before May 22, 2007, Nguyen had taken $13,000.00 of this currency. The defendant was arraigned on a third superseding indictment in January of 2008 and received an additional bundle of discovery. After reviewing the additional discovery, the defendant entered a plea of guilty to the charges in the third superseding indictment.

The third superseding indictment does not include a forfeiture count.  At the writing of this order, the parties have not made the court aware of any proceedings wherein the government is immediately and directly pursuing the forfeiture of any property as drug proceeds related to this case.  Thus, the court does not believe that the forfeiture of the legal fees and all other issues related to this question have been properly raised as to be ripe for decision.

The court recognizes that a ruling now on the motion would assist defense counsel in addressing an ethical obligation that eventually must be resolved.  It is not this court's practice, however, to render advisory opinions particularly when counsel appears to have responded in good faith to the government's notice and to have followed a course consistent with his ethical and professional obligations.  The court expects the government will act with deliberate speed in bringing this forfeiture issue before the court in a proper manner for disposition.  At the same time, the court appreciates that this delay places an ongoing financial burden upon counsel that needs to be addressed.  Thus, the court directs defense counsel to secure a financial affidavit from his client in order that the court may appoint counsel to represent the defendant from this date

3

forward.  The court may later consider a retroactive appointment, but it will not make that determination until after the forfeiture of deposited legal fees has been resolved by the parties or the court.  *See United States v. McCorkle*, 321 F.3d 1292, 1295 (11th Cir. 2003) (court may pro rate the value of legal services performed while the attorney was a bona fide purchaser).

IT IS THEREFORE ORDERED that the defendant's motion for an order clarifying the status and disposition of funds paid to defense counsel  (Dk. 140) is denied.

Dated this 2nd day of April, 2008, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge