**In the United States District Court
for the District of Kansas**

---

Case No. 5:06-cr-40079-TC-3

---

UNITED STATES OF AMERICA,

*Plaintiff*

v.

ROBERT GUZMAN,

*Defendant*

---

**MEMORANDUM AND ORDER**

Robert Guzman moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). Docs. 298 & 302. The Government does not oppose his request. Doc. 303. For the following reasons, Guzman's motion is granted.

**I**

**A**

A term of imprisonment generally may not be modified once it has been imposed, subject to few exceptions. *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5195, 5239, Section 3582 permits a defendant to move for compassionate release only after he has first requested relief from the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). If the Bureau of Prisons fails to move to reduce his sentence and the defendant exhausts all administrative appeals, or if the local warden fails to act on his request within 30 days of receiving it, the defendant may move for compassionate release himself. *Id.*

After considering exhaustion, a three-step analysis to compassionate-release motions applies. *United States v. McGee*, 992 F.3d 1035, 1042

1

(10th Cir. 2021). First, extraordinary and compelling circumstances must warrant the reduction. *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). Second, the reduction must be consistent with applicable Sentencing Commission policy statements. *Id.* And third, the applicable sentencing factors in 18 U.S.C. § 3553(a) must warrant the reduction. *Id.* If any requirement is unmet, the motion fails. *See Hald*, 8 F.4th at 938.

## B

A grand jury indicted Guzman on January 24, 2008, on one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Doc. 117.[1] He pled guilty to both counts. Doc. 185. Guzman had two prior convictions: a California conviction for attempted murder and another for possession of marijuana for sale. Doc. 302 at 2. The PSR classified those convictions as predicate offenses and Guzman as a career offender under U.S.S.G. § 4B1.1. *Id.* at 1–2. Guzman stipulated that he qualified as a career offender. *Id.* at 2. That career offender designation set Guzman's base offense level at 34 and his criminal history category at VI, which corresponded to a sentencing range of 262-327 months. *Id.* Guzman was sentenced to a term of 327 months. *Id.*

Guzman has served 214 months. Doc. 302 at 4. He requested that the Bureau of Prisons file a motion for a sentence reduction on his behalf. Doc. 302 at 4; Doc 298 at 16. The Bureau of Prisons denied that request. Doc. 298 at 18. Guzman then filed a pro se motion requesting a sentence reduction, Doc. 298, and the Kansas Federal Public Defender filed a supplemental motion on his behalf. Doc. 302. The Government not only does not oppose Guzman's motion, but affirmatively "moves this Court to grant" Guzman's request. Doc. 303 at 2.

## II

Guzman has shown that he is entitled to a sentence reduction. Accordingly, his motion is granted.

---

[1] All document citations are to the document and page number assigned in the CM/ECF system.

## A

**1.** To obtain compassionate release, a defendant must exhaust "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf." 18 U.S.C. § 3582(c)(1)(A). Alternatively, a defendant may seek judicial relief if thirty days have elapsed "from the receipt of such a request by the warden of the defendant's facility." *Id.* This is a claim-processing rule rather than a jurisdictional requirement. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030 (10th Cir. 2021). Thus, when a defendant fails to fully exhaust his administrative remedies and the government does not contest exhaustion, the merits of the defendant's request may be considered. *Id.*

Guzman failed to exhaust his administrative appeal rights, but that does not doom his motion. He submitted a request to the warden of his facility, and the warden denied that request. Doc. 298 at 16, 18. To fully exhaust his administrative rights, Guzman should have appealed the warden's denial, 18 U.S.C. § 3582(c)(1)(A), but the Government does not contest exhaustion. Doc. 303. Accordingly, the Government has waived the argument, and the merits of Guzman's request may be considered. *See Hemmelgarn*, 15 F.4th at 1031.

**2.** A defendant must demonstrate that extraordinary and compelling reasons warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). District courts have discretion to independently determine whether a defendant has shown that extraordinary and compelling reasons warrant a sentence reduction. *McGee*, 992 F.3d at 1044. In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent." *United States v. Ford*, 536 F. Supp. 3d 848, 853 (D. Kan. 2021); *see Extraordinary*, MERRIAM-WEBSTER DICTIONARY (7th ed. 2023) ("Notably unusual or exceptional."). And "compelling" means "tending to convince by forcefulness of evidence." *Ford*, 536 F. Supp. 3d at 853; *see Compel*, MERRIAM-WEBSTER DICTIONARY (7th ed. 2023) ("To drive or urge with force."). The combination of a sentencing framework that would no longer apply and a defendant's unique circumstances can constitute extraordinary and compelling reasons. *See McGee*, 992 F.3d at 1048; *Maumau*, 993 F.3d at 837. The Sentencing Commission has published policy statements that enumerate extraordinary and compelling circumstances. One of those is when a defendant received an unusually long sentence, he served 10 years of that sentence, and a change in the law would produce a gross disparity between

the sentence that was actually imposed and the one that likely would be imposed today. U.S.S.G. § 1B1.13(b)(6).

The extraordinary and compelling reasons discussed above apply here and warrant reducing Guzman's sentence. First, the sentencing framework under which Guzman was sentenced no longer applies, and if Guzman were sentenced today he would not qualify as a career offender. Guzman was sentenced as a career offender because he had two predicate offenses. Doc. 302 at 2; *see* U.S.S.G. § 4B1.2(b) (defining a controlled substance offense as a predicate offense if it is "punishable by imprisonment for a term exceeding one year"). In November 2014, the State of California approved Proposition 47. That proposition allows persons who were convicted of a felony to petition for a re-designation of their conviction if their offense is no longer a felony. *See* Cal. Penal Code § 1170.18. Guzman petitioned to have his felony conviction for marijuana possession designated as a misdemeanor, and that request was granted. Doc. 298 at 20; *see* Cal. Health & Safety Code § 11359 (providing for six months imprisonment for possession of marijuana for sale). Thus, Guzman would only have one predicate offense if he were sentenced today. Additionally, Guzman received two recency points based on the two predicate offenses. Those points increased his criminal history category. Doc. 302 at 3. Absent the career offender designation and the two recency points, Guzman's sentencing range, if calculated today, would be 188-235 months. *Id.* In other words, Guzman was appropriately sentenced to 327 months, but the top end of his guideline range today would exceed the length of time he has already served.

Second, Guzman's circumstances fall within the Sentencing Commission's definition of an unusually long sentence. *See* U.S.S.G. § 1B1.13(b)(6); Doc. 303 at 2 ("The government concurs that the defendant has established extraordinary and compelling circumstances for consideration of compassionate release relative to the factors under U.S.S.G. § 1B1.13(b)(6)."). In particular, Guzman received a sentence of over 27 years for a non-violent offense. Doc. 117. And of those 27 years, he has served 17. Doc. 302 at 4. The change in the law has produced a gross disparity between the sentence he received and the one he would likely receive today.

Finally, Guzman's unique circumstances cut in favor of a sentence reduction. In eighteen years of incarceration, Guzman has had only one disciplinary incident. Doc. 302-2 at 1. The Bureau of Prisons determined that Guzman's risk of recidivism is low and that his risk of

4

violent recidivism is minimal. Doc. 298 at 22. He has completed over 50 educational courses in topics ranging from oil painting to data entry. *Id.* at 22–24. He has also been regularly employed in prison and currently works as an orderly. *Id.* at 23. These circumstances suggest that Guzman has spent his time in prison productively and that he has demonstrated tendencies suggesting progress towards rehabilitation. *See* U.S.S.G. § 1B1.13(d) (noting that the defendant's post-sentencing rehabilitation is a factor that "may be considered"). Accordingly, the combination of a change in the applicable sentencing framework, Guzman's receipt of a long sentence under the Sentencing Commission's policy statement in § 1B1.13(b)(6), and Guzman's unique circumstances all point to extraordinary and compelling reasons that warrant a sentence reduction.

**3.** When deciding whether to grant a reduction, courts must consider the Section 3553(a) factors. *Maumau*, 993 F.3d at 831; 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) explains that a court must impose a sentence that is "sufficient, but not greater than necessary," to promote a range of factors. 18 U.S.C. § 3553(a). It enumerates seven factors: the nature and circumstances of the offense, the need for the sentence imposed, the kinds of sentences available, the applicable sentencing range, any applicable Sentencing Commission policy statements, the need to avoid sentence disparities, and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1)-(7).

The Section 3553(a) factors support a sentence reduction. Guzman's convictions were both for non-violent offenses. Doc. 117. There is little reason to think that further imprisonment is necessary to promote adequate deterrence, to provide just punishment, or to protect the public. 18 U.S.C. § 3553(a)(2)(A)-(D); *see Concepcion v. United States*, 597 U.S. 481, 486 (2022) (noting that a court must consider the defendant in the present day, "not on the date of his offense or the date of his conviction"). As discussed above, the applicable sentencing range has changed since Guzman was sentenced. This change would create an unwarranted disparity between Guzman and another defendant with a similar record who were sentenced today for similar conduct. And the crimes of conviction lack any victim so there is no need for restitution. Accordingly, the 214 months that Guzman has served are sufficient to promote the purposes of Section 3553(a).

## III

For the foregoing reasons, Guzman's Motion to Reduce Sentence, Doc. 298, is GRANTED. Guzman's sentence on Counts 1 and 2 are reduced to time served. Per Guzman's request, this order is stayed for 14 days to allow for appropriate planning. Doc. 302 at 10.

It is so ordered.

Date: February 12, 2025            s/ Toby Crouse
                                   Toby Crouse
                                   United States District Judge